Robert Clifford NORIE, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–791.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1975.

Irby R. Taylor, Harry G. Foreman, Norman, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn Rohrer, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Robert Clifford Norie, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRF–72–208, for the offense of Unlawful Delivery of Controlled Drug, in violation of 63 O.S.1971, § 2–401, ¶ B 2. His punishment was fixed at a term of two (2) years' imprisonment and a fine of One ($1.00) Dollar. From said judgment and sentence a timely appeal has been perfected to this Court.

At a non-jury trial, the parties stipulated that the cause would be submitted on the transcript of the preliminary hearing.

Jay Lowell testified that on the 3rd of April, 1972, he was employed as a narcotics officer with the Cleveland County Sheriff's Office and that at such time he and two other persons went to a residence southeast of Norman, Oklahoma, and had a conversation with the defendant about purchasing a "lid." He stated that he inquired of the defendant as to the price and the defendant advised him that the price would be $10.00. At that time the defendant displayed several baggies and the witness selected one. He stated the baggies contained a "green leafy substance that had stems and seeds and what appeared to be identified as marijuana to the eye." He stated he paid the defendant the money and left with his companions. He thereafter testified as to the custody of the green leafy substance and that he initialed the

baggie and turned it over to Deputy Sheriff Gary Roberson.

Gary Roberson testified he was employed as a Deputy Sheriff of Cleveland County and was so employed on the 4th day of April, 1972. He testified that on that date he saw Jay Lowell and received from Lowell a baggie which contained a green brownish material which had seeds and stems. He testified that he took the plastic baggie, initialed it, placed it in an envelope, and filled out papers describing where it came from and the date and time, as required by the Oklahoma Bureau of Investigation Laboratory in Oklahoma City. He delivered the envelope containing the baggie which he had received from Lowell to one Don Flynt, a chemist for the Oklahoma Bureau of Investigation on April 17, 1972. He further stated that this was the only contact he had with said evidence except for a report which he received from the chemist regarding the substance.

The parties stipulated that the chemist report would be considered as the chemist's testimony. The report, State's Exhibit No. 1, was an analysis of the evidence which proved it to be Cannabis Sative (marijuana) by microscopic examination and Duquenois chemical tests.

■ Defendant's first assignment of error asserts that the judgment and sentence is contrary to the weight of the evidence and law. The defendant urges that the chemist's report clearly reflects on its face that the substance analyzed by the chemist pertains to one "Bob Narie" and not to the defendant, Robert Clifford Norie, Jr. Thus he urges there was no competent evidence that the substance delivered was marijuana.

The evidence reflects that the baggie containing the green leafy substance which was sold by the defendant to Jay Lowell on the 3rd of April, 1972, was ultimately transported to Deputy Gary Roberson who testified that he transported said baggie to the Oklahoma Bureau of Investigation chemist, Don Flynt, on the 17th day of April, 1972. The chemist's report, which was stipulated to by the parties, clearly shows that on the 17th day of April, 1972, the evidence delivered by Gary Roberson to Don Flynt was thereafter analyzed and found to be Cannabis Sativa. The report further shows a notation that the evidence was obtained from one "Bob NARIE." In absence of evidence to the contrary, we find that said facts presented were sufficient to show the chain of custody of the evidence from the defendant to the chemist, Don Flynt, who performed the analysis, and further that said analysis revealed the evidence to be Cannibis Sativa (marijuana).

For the reasons herein stated, we find the evidence was sufficient to support the verdict, and for this reason we find the defendant's first assignment of error to be without merit.

■ The defendant's second, third and fourth assignments of error will be discussed together as they have commonality in subject. In these assignments of error the defendant essentially contends that he was denied his constitutional rights at the imposition of judgment and sentence because of the failure of the trial court to exercise discretion in considering the defendant for a deferred sentence or a suspended sentence with or without probation. The trial court acted pursuant to the provisions of 63 O.S.1971, § 2–401, which then prohibited all such probationary sentences. Defendant urges that said statute purports to forbid the exercise of such discretion and is thus invalid and unconstitutional in that: (1) said provisions transgress the inherent power of the judiciary, and Article IV, § 1, of the Constitution of Oklahoma and Article VII of the Constitution of Oklahoma requiring the separation of legislative, executive and judicial powers and vesting judicial power in the courts of the state; (2) said provisions violate Article II, § 9, of the Constitution of Oklahoma and Amendment Eight of the Constitution of the United States which forbid the infliction of cruel and unusual punishment;

(3) said provisions violate Article II, § 7, of the Constitution of Oklahoma and Amendment Fourteen, § 1, of the Constitution of the United States, each of which forbids the State of Oklahoma to deprive any person of life, liberty or property without due process of law; and, (4) said provisions violate that part of Amendment Fourteen, § 1, of the Constitution of the United States which forbids any state to deny to any person equal protection of the laws.

These contentions must, however, be considered in light of 63 O.S.Supp.1975, § 2-401, which recently amended the subject statute to now read as follows:

"A. Except as authorized by this act, it shall be unlawful for any person:

"1. To manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance;

"2. To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance.

"B. Any person who violates this section with respect to:

"1. A substance classified in Schedule I or II which is a narcotic drug or lysergic acid diethylamide (LSD) is guilty of a felony and shall be sentenced to a term of imprisonment for not less than five (5) years nor more than twenty (20) years and a fine of not more than Twenty Thousand Dollars ($20,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation *except where the conviction is for a first offense.* The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final.

"2. Any other controlled dangerous substance classified in Schedule I, II, III, or IV is guilty of a felony and shall be sentenced to a term of imprisonment for not less than two (2) years nor more than ten (10) years and a fine of not more than Five Thousand Dollars ($5,000.00). Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation *except where the conviction is for a first offense.* The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final.

"3. A substance classified in Schedule V is guilty of a felony and shall be sentenced to a term of imprisonment for not more than five (5) years and a fine of not more than One Thousand Dollars ($1,000.00).

"C. Any person convicted of a second or subsequent violation of this section is punishable by a term of imprisonment twice that otherwise authorized and by twice the fine otherwise authorized. Convictions for second or subsequent violations of this section shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation.

"D. Any person who is at least twenty-one (21) years of age and who violates this section by distributing a controlled dangerous substance to a person under eighteen (18) years of age is punishable by twice the fine and by twice the imprisonment otherwise authorized." [Emphasis added]

We therefore conclude that defendant's contentions have been rendered moot since the trial court now has the authority to consider the defendant for a deferred or suspended sentence.[1] This Court's opinion

---

1. It should be noted that for this conviction to fall within the purview of the recent legislation, the defendant must not have been previously convicted of any offenses under 63 O.S., § 2-401. If the trial court does find that defendant has been previously convicted of any such offenses, then, in that event, the conviction in the above styled and numbered cause does not fall within the purview of the recent legislative enactment and defendant cannot be considered for deferment or suspension of sentence in said conviction.

of today does not preclude the defendant from seeking relief under the recent amendment to the subject statute. Upon proper application to the trial court, in that case, the trial judge may, within the discretionary power granted by statute: (1) vacate the judgment and sentence and defer sentencing under the provisions of 22 O.S.1971, § 991c; (2) suspend execution of the judgment and sentence under the provisions of 22 O.S.1971, § 991a; or, (3) deny the application. See, *Lampe v. State,* Okl.Cr., 540 P.2d 590 (1975).

In conclusion we observe the record is free of any error which would justify modification or reversal. The judgment and sentence appealed from is, accordingly, *affirmed.*

BRETT, P. J., and BUSSEY, J., concur.